IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| AMERICAN NATIONAL LLOYDS INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) AFFINITY INSURANCE PROGRAM ) MARKETING, LLC d/b/a CONNECTED ) INVESTORS REAL ESTATE INSURANCE ) SERVICES, LLC; KEVIN McCLENAHAN; ) RONDRA STEWART; LOGICAL PROPERTY ) MANAGEMENT, LLC; MONICA STREET, LLC; ) EAGLEWOOD, LLC; MIKE MIRCHOLI; ) and HERSHEL DUNN; ) ) Defendants. ) | Case No. 2:23-cv-11807 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, AMERICAN NATIONAL LLOYDS INSURANCE COMPANY ("American National"), pursuant to Fed. R. Civ. P. 7(A), brings its claims against the above-named Defendants, stating as follows:

**The Parties**

1. American National is a corporation organized under Missouri law with its headquarters in Springfield, Missouri, and is therefore a citizen of the State of Missouri.

2. Defendant Affinity Insurance Program Marketing, LLC, doing business under the name Connected Investors Real Estate Insurance Services, LLC ("Affinity") is a limited liability company organized under Iowa law with its headquarters in

Des Moines, Iowa, and its sole member, Timothy Norris, having his primary residence in Austin, Texas, and is therefore a citizen of Iowa and Texas.

3. Defendant Kevin McClenahan ("McClenahan") is a natural person with his primary residence in San Jose, California, and is therefore a citizen of the State of California.

4. Defendant Rondra Stewart ("Stewart") is a natural person with her primary residence in Detroit, Michigan, and is therefore a citizen of the State of Michigan.

5. Defendant Logical Property Management, LLC ("LPM") is a limited liability company organized under Michigan law with its headquarters in Birmingham, Michigan, and its only known member, Andrew Sygit, having his primary residence in Pontiac, Michigan, and is therefore a citizen of Michigan.

6. Monica Street, LLC ("Monica Street") is a limited liability company organized under Michigan law with its headquarters in Grand Rapids, Michigan, and its only known member, Kevin McClenahan, having his primary residence in San Jose, California, and is therefore a citizen of both Michigan and California.

7. Eaglewood, LLC ("Eaglewood") is a limited liability company organized under Delaware law with its headquarters in San Jose, California, and its only known member, Kevin McClenahan, having his primary residence in San Jose, California, and is therefore a citizen of both Delaware and California.

8. Defendant Michael Mircholi ("Mircholi") is a natural person with his primary residence in West Bloomfield, Michigan, and is therefore a citizen of the State of Michigan.

9. Defendant Hershel Dunn ("Dunn") is a natural person with his primary residence in Detroit, Michigan, and is therefore a citizen of the State of Michigan.

## Jurisdiction and Venue

10. This court has jurisdiction under 28 U.S.C. § 1332(a), as complete diversity of citizenship exists between the plaintiff and all defendants and the amount in controversy exceeds $75,000.

11. Venue in this district is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in Detroit, Michigan.

## Factual Background

12. American National issued a policy of insurance under Policy Number OSCESIN33 ("the Policy"), with an effective date of May 1, 2021.

13. An accurate copy of the Policy is attached as Exhibit A and incorporated here.

14. Affinity, under its assumed name Connected Investors Real Estate Services, LLC, is the named insured under the Policy.

15. A certificate of insurance dated May 11, 2023, issued by American National names McClenahan as an insured under the Policy, with commercial general liability (CGL) coverage for real property located at 12667-69 Monica St. in Detroit, Michigan.

16. An accurate copy of the referenced certificate of coverage is attached as Exhibit B and incorporated here

17. The Policy contains the following terms:
   1. **INSURING AGREEMENT:**

a. **We** will pay those sums that the **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend the **insured** against any **suit** seeking those damages. However, **we** will have no duty to defend the **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may, at **our** discretion, investigate any **occurrence** and settle any claim or **suit** that may result. But:

(1) The amount **we** will pay for damages is limited as described in Section III – Limits of Insurance; and

(2) **Our** right and duty to defend ends when **we** have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to **bodily injury** and **property damage** only if:

(1) The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory;**

(2) The **bodily injury** or **property damage** occurs during the policy period; and

. . .

e. **Damages** because of **bodily injury** include damages claimed by any person or organization for care, loss of services or death resulting at any time from the **bodily injury.**

. . .

**2. EXCLUSIONS**

This insurance does not apply to:

. . .

f. **Pollution:**

(1) **Bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants:**

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any **insured.** However, this subparagraph does not apply to:

4

>> (i) **Bodily injury** if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests
>
> (b) At or from any premises, site or location which is or was at any time used by or for any **insured** or others for the handling, storage, disposal, processing or treatment of waste;
>
> (c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:
>
>> (i) Any **insured;** or
>>
>> (ii) Any person or organization for whom **you** may be legally responsible; or

. . .

> (2) Any loss, cost or expense arising out of any:
>
> (a) Request, demand, order or statutory or regulatory requirement that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, **pollutants;** or
>
> (b) Claim or **suit** by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, **pollutants.**
>
> However, this paragraph does not apply to liability for damages because of **property damage** that the **insured** would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or **suit** by or on behalf of a governmental authority.

. . .

1. If **you** are designated in the Declarations as:

    a. An individual, **you** and **your** spouse are **insureds,** but only with respect to the conduct of a business of which **you** are the sole owner.

. . .

   c. A limited liability company, **you** are an **insured. Your** members are also **insureds,** but only with respect to the conduct of **your** business. **Your** managers are **insureds,** but only with respect to their duties as **your** managers.

. . .

2. Each of the following is also an **insured:**

   a. **Your volunteer workers** only while performing duties related to the conduct of **your** business, or **your employees,** other than either **your executive officers** (if **you** are an organization other than a partnership, joint venture or limited liability company) or **your** managers (if **you** are a limited liability company), but only for acts within the scope of their employment by **you** or while performing duties related to the conduct of **your** business.

. . .

   b. Any person (other than **your employee** or **volunteer worker),** or any organization while acting as **your** real estate manager.

. . .


3. **Bodily injury** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

13. **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

15. **Pollutants** mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

. . .

## Lead – Hazardous Properties Exclusion Endorsement

There is no coverage for:

Any loss, cost or expense arising out of, resulting from, caused or contributed to by lead from paint or water, including dust, provided that such damages result from or are contributed to by the hazardous properties of lead. This includes, but is not limited to, any costs for abatement, mitigation, removal or disposal of paint or other items containing lead.

This exclusion also includes, but is not limited to:

1. Any supervision, instructions, recommendations, requests, warnings or advice given or which should have been given in connection with the above; and

2. Any obligation to share damages with or to repay any other person who must pay damages.

. . .

**Punitive Damages Exclusion Endorsement:**

There is no coverage under this policy for claims of or indemnification for punitive or exemplary damages.

If a suit seeking both compensatory and punitive or exemplary damages shall have been brought against the insured for a claim falling within the coverage provided under the policy, we will afford a defense to such an action. We shall not have an obligation to pay any costs, interest, or damages attributable to punitive or exemplary damages.

. . .

**Habitability Violation Exclusion Endorsement**

It is hereby understood and agreed that Habitability Violation Liability is excluded from the Commercial General Liability Policy.

I. **The following exclusion is added to Section I, Coverage A – Bodily Injury and Property Damage Liability, Item 2. Exclusions and Section I, Coverage B – Personal and Advertising Injury Liability, Item 2. Exclusions:**

This insurance does not apply to damages or expenses due to **bodily injury** or **property damage** arising out of or resulting from the alleged or actual violation(s) of the following, as they pertain to **habitability,** including amendments thereto:

(a) Civil Codes;

(b) Health and Safety Codes;

(c) Any Housing and Urban Development laws, ordinances or statutes;

(d) Rent stabilization laws and ordinances;

(e) Federal, State or local section 8 (government subsidized) or programs;

(f) Any administrative rules or regulations pertaining to any of the foregoing, including but not limited to those promulgated by local municipalities; or

(g) Actual or constructive wrongful eviction arising from (a) through (f) above.

We shall not have any duty to defend any claim, proceeding or **suit** in any way based on, attributed to, arising out of, resulting from or any manner related to that which is described above, including but limited to, the diminished value of property or mental, physical or emotional injuries alleged.

II. **The following exclusion is added to Section I, Coverage B – Personal and Advertising Injury Liability, Item 2. Exclusions:**

7

This insurance does not apply to damages or expenses due to **personal injury** or **advertising injury** arising out of or resulting from the alleged or actual violation(s) of the following, as they pertain to **habitability,** including amendments thereto:

(a) Civil Codes;

(b) Health and Safety Codes;

(c) Any Housing and Urban Development laws, ordinances or statutes;

(d) Rent stabilization laws and ordinances;

(e) Federal, State or local section 8 (government subsidized) or programs;

(f) Any administrative rules or regulations pertaining to any of the foregoing, including but not limited to those promulgated by local municipalities; or

(g) Actual or constructive wrongful eviction arising from (a) through (f) above.

We shall not have any duty to defend any claim, proceeding or **suit** in any way based on, attributed to, arising out of, resulting from or any manner related to that which is described above, including but limited to, the diminished value of property or mental, physical or emotional injuries alleged.

The following definition is added to Section V – Definitions, Item 23. **Habitability:**

**Habitability** means safe living environment and/or fit for occupancy by human beings in a sanitary, healthy, habitable and tenantable condition.

18. On May 5, 2023, Stewart filed a complaint ("the Underlying Complaint") in the Circuit Court for Wayne County, Michigan, against LPM, Monica Street, Eaglewood, Mircholi (incorrectly named as "Mercholi"), and Dunn.

19. An accurate copy of the Underlying Complaint is attached as Exhibit C and its allegations are incorporated here.

20. The Underlying Complaint asserts the following claims ("the Claims") against LPM, Monica Street, Eaglewood, Mircholi, and Dunn:

   (1) violation of the Residential Lead-Based Paint Hazard Reduction Act (LBPHRA), 42 U.S.C. § 4852d;

   (2) breach of statutory covenants of habitability, codified at MCL 554.139;

8

 (3) violation of statutory safety and sanitary living condition requirements codified at MCL 125.536;

 (4) violation of the Michigan Anti-Lockout Act, codified at MCL 600.2918;

 (5) violation of the Michigan Consumer Protection Act, specifically MCL 445.903-445.903k;

 (6) common-law negligence;

 (7) common-law gross negligence;

 (8) willful and wanton misconduct; and

 (9) negligent infliction of emotional distress.

21. The Underlying Complaint makes the following factual allegations against LPM, Monica Street, Eaglewood, Mircholi (incorrectly named as "Mercholi"), and Dunn:

 (1) that Stewart, along with her minor child and minor grandchildren, lived at the Property since May 26, 2020;

 (2) that the Property lacked heating and hot water, was infested with rodents, had unsecure entryways and broken windows, lacked smoke detectors, had defective plumbing and electricity, had sewage flooding in the basement, and had structural issues, including a collapsing porch ceiling;

 (3) that the City of Detroit inspected the property and found 37 violations, 3 of which it deemed emergencies, and ordered the defendants to register the property and provide a Lead Clearance Certificate;

    (4) that a certified lead inspector examined the Property and later issued a lead report stating that the inspection detected contaminated lead dust hazards, deteriorated lead-based paint hazards, and friction/impact paint hazards;

    (5) that in October 2022 the physician for Stewart's two-year-old daughter found an elevated blood lead level of 4.8 µg/dL of blood;

22. The relief Stewart requests in the Underlying Complaint, includes actual, statutory, and treble damages, retroactive rent abatement, and attorney's fees in an unspecified amount.

23. On May 11, 2023, McClenahan tendered a copy of the Underlying Complaint to American National, asserting coverage for the Claims.

24. On June __, 2023, American National issued a reservation of rights letter to McClenahan,

## Sole Count: Declaratory Judgment

25. American National and all named defendants are interested parties in the Policy.

26. McClenahan has tendered the Claims to assert coverage by American National under the Policy.

27. American National denies any coverage for any named defendant in this case under the Policy for the Claims.

28. An actual controversy over the coverage under the Policy for the Claims exists within this court's jurisdiction, requiring a determination of the rights and legal relations of the parties under 28 U.S.C. § 2201.

WHEREFORE, American National, by counsel, requests a declaratory judgment under 28 U.S.C. § 2201, (1) declaring the rights and legal relations of the Parties with respect to the Policy, (2) declaring none of the defendants is covered under the Policy for the Claims, and (3) providing all other appropriate relief, including for costs and fees as allowed by law.

                              Respectfully submitted:

                              JOHNSON & BELL, LTD.

By:   */s/ Edward W. Hearn*
       Edward W. Hearn, #P85022
       JOHNSON & BELL, P.C.
       11041 Broadway
       Crown Point, IN 46307
       Phone: (219) 791-1900
       Fax: (219) 791-1901
       hearne@jbltd.com
       Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on the 26th day of July, 2023, I electronically filed the foregoing document using this Court's CM/ECF system and this document was served on all parties through the Court's CM/ECF system.

*/s/ Edward W. Hearn*
Edward W. Hearn, #P85022